**File Name: 08a0374n.06**
**Filed: June 25, 2008**
**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

**Case No. 07-5319**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

IN RE:  LARRY D. GRAVES, DEBTOR )
ANN MOSTOLLER, TRUSTEE for Larry D. )
Graves, )
 )
 )  **ON APPEAL FROM THE**
Appellant, )  **UNITED STATES DISTRICT**
 )  **COURT FOR THE EASTERN**
v. )  **DISTRICT OF TENNESSEE**
 )
 )
BGSA, LLC; CITIZENS BANK OF )
BLOUNT COUNTY, )
 )
Appellees. )
 )
——————————————— )

**BEFORE:  BATCHELDER and SUTTON, Circuit Judges; BARZILAY\*, Judge.**

**ALICE M. BATCHELDER, Circuit Judge.**  Ann Mostoller, as trustee for Chapter 11

debtor, Larry Graves, appeals the judgment of the district court that affirmed the bankruptcy court's

dismissal of her Adversary Proceeding complaint.  At the center of this case is an ownership dispute

regarding 100,000 shares of IdleAire Technologies, Inc. stock.  Two of Graves's creditors, BGSA,

LLC and Citizens Bank of Blount County ("CBBC"), contend that the stock was sold, assigned, and

transferred to CBBC prior to Graves's bankruptcy filing, and as a result, the stock was never part of

Graves's bankruptcy estate.  The bankruptcy court, in a proceeding separate from and prior to the

---

\*The Honorable Judith M. Barzilay, Judge of the United States Court of International Trade, sitting by designation.

instant action, agreed with the creditors on this issue and, as a result, lifted the automatic stay that was placed on the stock.

Mostoller did not appeal or otherwise seek review of that determination, but instead — some six weeks after the bankruptcy court lifted the automatic stay — filed the instant action in the form of an Adversary Proceeding in bankruptcy court. Essentially, Mostoller asked the bankruptcy court to reform the document that it had previously interpreted as transferring the stock; she argued mutual mistake in that the document was meant for securitization purposes only, not actually to sell, assign or transfer the stock to CBBC. The bankruptcy court dismissed Mostoller's complaint pursuant to Fed. R. Civ. P. 12(b)(1), finding: (1) that res judicata and collateral estoppel precluded the court from relitigating the ownership of the IdleAire stock, and (2) that because neither Graves nor the bankruptcy estate had any interest in the stock, the court was without subject matter jurisdiction to determine whether BGSA's security interest in the stock has ever attached and been perfected. Mostoller appealed to the district court, which affirmed the bankruptcy court's ruling on both issues. Mostoller's appeal from this judgment is now before us.

After carefully reviewing the record, the applicable law, the parties' briefs and counsels' arguments, we conclude that the neither the bankruptcy court nor the district court erred in its conclusion that, at the very least, Mostoller's action is barred by collateral estoppel and that the court therefore lacked subject matter jurisdiction. As those opinions carefully and correctly set out the law governing the issues raised, and clearly articulate the reasons underlying the decisions, issuance of a full written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the bankruptcy court's memorandum and order of dismissal of Mostoller's complaint and the district court's opinion affirming the bankruptcy court's order, we **AFFIRM**.